IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CLIFFORD FRANKLYN BURT,         )
                                )
                Plaintiff,      )   **CIVIL ACTION**
                                )
v.                              )   No.  06-3293-MLB
                                )
DONNY SCOTT, et al.,            )
                                )
                Defendant.      )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Angela Mogolis' motion to dismiss.  (Doc. 24).[1]  The motion has been fully briefed and is ripe for decision.  (Docs. 24, 26, 27).  Defendant's motion is denied for reasons herein.

**I.   FACTS**

Plaintiff is a prisoner and currently incarcerated at El Dorado Correctional Facility.  Plaintiff asserts that defendants, correctional officers at the prison, violated his Eighth and Fourteenth Amendment rights by failing to protect him when he was attacked by a fellow inmate.  (Doc. 1).

According to the alleged facts, on or about December 16, 2005, plaintiff had completed his laundry and asked defendant Scott to transport him to the shower.  Scott attempted to secure the area before the transport but failed to lock the shower room that contained

---

[1] Plaintiff has also filed a motion to amend his complaint. (Doc. 28). Plaintiff's motion, however, fails to comply with D. Kan. R. 15.1. According to the rules, plaintiff must submit the proposed amended complaint and he has not done so.  Therefore plaintiff's motion to amend is denied, without prejudice.

a fellow inmate. Scott secured plaintiff with belly chains and handcuffs and asked defendant officer-in-charge (OIC) Mogolis if the area was clear. Mogolis failed to properly check the area and responded that it was clear.

When plaintiff and Scott passed one of the shower rooms another inmate jumped Scott and stabbed him in the leg with some sort of weapon. The inmate then attacked plaintiff. Scott exited the area and ran down the stairs. Mogolis began yelling at the inmate to stop the attack. Plaintiff ran towards his cell to attempt to get away from the attacker. The inmate followed plaintiff into his cell and repeatedly stabbed him. The inmate left plaintiff's cell, walked down the hallway and then returned to plaintiff's cell to continue the attack. Meanwhile, defendants did not attempt to intervene, failed to press the panic button and failed to close plaintiff's cell door to prevent the second attack. Plaintiff was stabbed approximately 25 times.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).

Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

### III. **Pro Se Status**

Before analyzing defendant's motion to dismiss, the court notes that plaintiff is not represented by counsel. It has long been the rule that pro se pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See Hall, 935 F.2d at 1110. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding the alleged injuries. See Hill, 14 F. Supp.2d at 1237. In the end, plaintiff's pro se status, in and of itself, does not prevent this court from dismissing his claim. See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110, 1114 (10th Cir.1991)) ("Even when a

complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts."); <u>Northington v. Jackson</u>, 973 F.2d 1518, 1521 (10th Cir. 1992).

## IV.  ANALYSIS

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. <u>Id.</u> at 828. A prison official who "knows of and disregards an excessive risk to inmate health or safety" is deliberately indifferent for these purposes. <u>Id.</u> at 837. Therefore, in order to establish a cognizable Eighth Amendment claim for failure to protect or intervene, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm," an objective component, and that the prison official was deliberately indifferent to his safety, a subjective component. <u>Benefield v. McDowall</u>, 241 F.3d 1267, 1271 (10th Cir. 2001)(quoting <u>Farmer</u>, 511 U.S. at 834); <u>see also</u> <u>MacKay v. Farnsworth</u>, 48 F.3d 491, 492-93 (10th Cir. 1995).

Based on the alleged facts, plaintiff has shown that he was incarcerated under conditions posing a substantial risk of harm. <u>See</u> <u>MacKay</u>, 48 F.3d 491 at 493. Defendant Mogolis knew that plaintiff faced a risk of harm as she witnessed the attack. Plaintiff alleges that even though Mogolis knew that plaintiff was being harmed she was deliberately indifferent to his safety by failing to intervene and failing to sound the panic alarm that would signal the response team. Her failure to do so caused plaintiff to repeated stabbing by the

inmate. At this stage of the pleadings, the court must view all facts in plaintiff's favor. Accordingly, the court finds that plaintiff has sufficiently stated a claim of deliberate indifference against Mogolis.

**V.    CONCLUSION**

Defendant Mogolis' motion to dismiss is denied. (Doc. 24). The matter is transferred to the assigned United States Magistrate Judge for appropriate pretrial handling.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is neither invited nor encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any motion for reconsideration will be limited to three double-spaced typewritten pages.

IT IS SO ORDERED.

Dated this <u>  21st  </u> day of June 2007, at Wichita, Kansas.

<u>s/ Monti Belot                </u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE