# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CLIFFORD FRANKLYN BURT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-3293-WEB |
| | ) |
| **DONNY SCOTT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint to add the following defendants in their official and individual capacities:

1. Ray Roberts, the Warden of the El Dorado Correctional Facility;

2. Debbie Bratton, the Deputy Warden;

3. Carrie Marlett, the unit team manager;

4. Major Medlin;

5. Lieutenant Ward Ingram;

6. John Doe; and

7. Jane Doe.

Defendant Angela Mongolis opposes the motion.[1]  For the reasons set forth below, the motion to amend shall be DENIED.

## Background

This lawsuit stems from injuries plaintiff suffered in the El Dorado Correctional Facility when another inmate stabbed plaintiff.  Highly summarized, plaintiff's original complaint alleges that defendants (Donny Scott, Angela Mongolis, and "officer Jane Doe") were (1) grossly negligent, (2) deliberately indifferent, and (3) failed to protect plaintiff from his attacker.  As noted above, plaintiff seeks to add seven additional defendants.

## Analysis

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful

---

[1] Angela Mongolis is the only defendant who has been served in this case. Apparently, Donny Scott no longer works for the Kansas Department of Corrections and has not been located for service of process.

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendant contends that plaintiff's motion is futile because there are no allegations linking the proposed defendants to the claims in his complaint. The court agrees. Plaintiff fails to allege any facts showing that the proposed new defendants were (1) in any way personally involved in the incident or (2) otherwise failed to train or supervise the officers involved.[3] Accordingly, the motion to amend shall be DENIED.

---

[3] Plaintiff merely lists the seven individuals in his motion to amend without explaining how or why they would be liable in either their official or individual capacity.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 28)** is **DENIED.** [4]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 14th day of August 2007.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Plaintiff was provisionally appointed counsel after filing this motion to amend. (Doc.31). This ruling is without prejudice to a revised motion to amend setting forth sufficient allegations against any additional defendants.